# Wytheville

ALBEMARLE OIL AND GAS COMPANY, INC. v. C. E. WALTON.

June 14, 1934.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*Homer Richey,* for the plaintiff in error.

*Gilmer & Graves,* for the defendant in error.

EPES, J., delivered the opinion of the court.

This is an action, instituted by notice of motion for judgment, brought by C. E. Walton against Albemarle Oil and Gas Company to recover $1,400 which the plaintiff alleges is due to him under and by virtue of a written contract which reads as follows:

"This agreement, made this 25th day of February, 1930, by and between C. E. Walton, party of the first part and J. B. Belk for Albemarle Oil and Gas Company, party of second part, and

"That whereas, the party of the first part has sold and conveyed unto the Albemarle Oil and Gas Company, lot No. 1, block 16, Rose Hill plat, having thereon an unfinished gasoline station, which the party of the first part agreed to finish to the satisfaction of the party of the second part, and

"Whereas, the party of the second part proposes to complete the same at a cost of not exceeding fourteen hundred dollars ($1,400),

"Now, therefore, it is agreed between the parties hereto that if the cost of completing said station is less than $1,400 the party of the second part will pay the difference to the party of the first part, after same is completed. The party of the second part will keep a correct itemized account of all its expenditures in connection with the completion of said station, and submit same to the party of the first part. No painting to be charged against C. E. Walton.

"Witness the following signatures and seals

     "(Signed)  C. E. Walton  (Seal)
     "(Signed)  J. B. Belk   (Seal)
    "For Albemarle Oil and Gas Company."

The defendant set up the defense that the contract sued upon had never been delivered and that it was not liable thereon in any sum; and also that, even were it a binding contract, the plaintiff was not entitled to recover the full $1,400 but only so much thereof as exceeded the cost of completing the filling station.

The contention of the defendant on the first point is thus set forth in its grounds of defense:

"For grounds of defense, defendant says that under date of December 19, 1929, the plaintiff and his wife signed and delivered to the defendant a written option on the property mentioned in the notice of motion; which option was never taken up by the defendant;

"That on or about the 11th day of January, 1930, plaintiff and defendant had their attorneys draw up another agreement, which was reduced to writing; that plaintiff and defendant never got together on it, and it was never signed or delivered;

"That on the morning of the 25th of February, 1930, defendant's attorney drew up for plaintiff and defendant the so-called contract set out in the notice of motion, and a deed which would have formed a part of the same contract, both instruments being parts of one and the same transaction; that the so-called contract part of the transaction was signed, but when it came to the deed there was a misunderstanding or controversy as to how the contract was to be carried out, and thereupon, the entire agreement was rescinded, cancelled, and annulled, and neither deed nor contract portion ever delivered;

"That there was an uncompleted filling station on this property then in course of construction, and it was estimated that $1,400 would be required to complete it, and the parties had been dickering upon the basis of the purchase price of $8,000 to be paid partly by cash, partly by assumption of a lien, and partly by the defendant completing this filling station at a cost not to exceed $1,400; that after the so-called contract and deed of the morning of February 25, 1930, which contract was never consummated, was called off, further negotiations ensued, with the result that a new agreement was reached under which the property was to be conveyed to the defendant by the plaintiff with the filling station in its uncompleted state, at a price of $6,600, to be paid $3,600 cash (subject to the

usual adjustments) and the balance by the defendant assuming an existing lien of $3,000;

"That pursuant to this new agreement, superseding and annulling all previous negotiations and agreements, including the so-called contract sued upon, a new deed was drawn late in the afternoon of February 25, 1930, conveying the property to the defendant at the straight price of $6,600, to be paid $3,600 cash (subject to adjustments), and the assumption of the existing lien of $3,000;

"That this last named deed was executed by the plaintiff and wife on the 26th day of February, 1930, delivered to the defendant on the 27th day of February, 1930, and on the same date, defendant accepted the deed and paid to the plaintiff the sum of $3,555, in full for the property mentioned in the notice of motion and in said deed, lot No. 1, block 16, which check the plaintiff received and accepted in full payment for the property."

The contention of the plaintiff is that the contract sued upon was executed and delivered to him as a part of the transaction in which the deed of February 25, 1930, which recites a consideration of $6,600, was delivered by him to the defendant.

On this point the issue developed into a question of whether the defendant and his attorney were telling the truth, or the plaintiff was telling the truth.

The evidence shows, without conflict, that at the time the deed of February 25, 1930, was delivered the filling station had not been completed; and it was plain beyond all opportunity for doubt or misunderstanding on the point, that, even assuming the contract sued upon to be a valid and binding contract, the plaintiff was not entitled to recover the full amount of $1,400.

The jury returned a verdict for the plaintiff for $1,400. The defendant moved the court to set the verdict aside on the ground, among other grounds, that the verdict was contrary to the law and the evidence. The court refused to set the verdict aside as to the liability of the defendant, but set it aside as to the amount of damages, because it

was plainly excessive, and awarded a new trial on the question of damages only.

Upon the second trial the case was tried before the judge, without a jury; and the court entered judgment for the plaintiff for $804.87 with interest from April 1, 1930.

To this judgment the defendant assigns a number of errors; but we need notice only one of them, that is, the court erred in not setting the verdict aside for all purposes and in not awarding a new trial upon all issues.

Under the facts of this case we think it is not possible for the court to say that, in reaching the conclusion that the defendant was liable on the alleged contract, the jury was not influenced by the same mental attitude which led it to find a verdict for the plaintiff which was plainly greatly in excess of anything that he could, by any possibility, be entitled to recover. For this reason, we are of opinion that the court should have set the verdict aside and granted the defendant a new trial upon all issues.

The judgment of the trial court and its order granting the defendant a new trial only as to the amount of damages will be set aside, and the case remanded for a new trial to be had upon all issues.

*Reversed and remanded.*